DECISION
This case is before the Court on appeal from a decision of the Cumberland Town Council (the "Council"), abandoning an unnamed paper street pursuant to G.L. § 1956 24-6-1. The Gardners (the "plaintiffs"), who own property that abuts the unnamed paper street, are requesting that the decision of the Council be overturned.
 Facts and Travel
In Cumberland, Rhode Island, Ryan Avenue runs perpendicular to Mendon Road. Several hundred feet on the right running perpendicular to Ryan Avenue is the unnamed paper street that is subject of this appeal.
One of the defendants, David Miller, owns property on both sides of this unnamed paper street.[1] The plaintiffs own property that abuts the unnamed paper street at its southerly end.[2]
Michael Petitbon, a neighbor, owns property between the plaintiffs and the defendant.[3] On June 10, 1987, the plaintiffs temporarily granted Mr. Petitbon a voluntary easement which extends from the southern end of the unnamed paper street across the Gardner property to the Petitbon property.[4]
On June 19, 1996, the defendant, David Miller, petitioned the Council for the Town of Cumberland to abandon the unnamed paper street. The plaintiffs objected to this petition. Sometime during January of 1997, the defendant, David Miller, withdrew his petition but refiled in March of 1998. This matter first came before the Council at the March 4, 1998 Council meeting. At that time, the Council referred the matter to the Town's Planning Board for advice and a recommendation. At its regularly scheduled meeting in March of 1998, the Planning Board voted not to abandon the unnamed paper street. The matter was continued, and eventually, a hearing on the proposed abandonment before the Council began on October 7, 1998.
At the October 7, 1998 Council meeting, testimony was taken and evidence was presented. Present at the meeting were Council members Chenevert, Mutter, Melvin, Nobrega, Hynes, McKee, and Dean. However, Council member Hynes had to leave the meeting early due to illness. The Council meeting was continued to November 4, 1998, when more testimony was taken. Present at the meeting were the same Council members: Chenevert, Mutter, Melvin, Nobrega, Hynes, McKee, and Dean. Once again, the meeting was continued to the next month's Council meeting.
At the December 2, 1998 Council meeting, the plaintiffs raised the issue of whether the Council members who did not hear all of the testimony should be allowed to vote. Council member Hynes heard only part of the evidence at the October 7, 1998 hearing before leaving due to illness. Council members Scully, McGrath, and Desmarais were recently elected to the Council and were not present at the two previous meetings. Council members Scully, Desmarais, and McGrath stated that they were all familiar with the matter and felt comfortable voting. Thereafter, the Council voted seven to zero in favor of abandoning the unnamed paper street.
The plaintiffs filed this appeal on January 1, 1999. On appeal, the plaintiffs contend that (1) the vote taken by the Council was not in accordance with Section 408 of the Cumberland Code requiring four council members to constitute a quorum and (2) the Council's vote to abandon the unnamed paper street was clearly erroneous since the street had not ceased to be useful to the public. The defendants respond that (1) the Council vote was in accordance with Section 408 since seven Council members voted and (2) the evidence supported the Council's finding that the unnamed paper street had ceased to be useful to the public.
 Jurisdiction
As an initial matter, this Court must address the issue of jurisdiction. Section 45-5-16 states:
 "Appeals from order and decrees. — Any person aggrieved by any order or decree of a town council may appeal to the superior court for the county in which the town is located, within forty (40) days after the order or decree is made, unless another provision is made."
Specifically referencing G.L. 1956 § 45-5-16, the Rhode Island Supreme Court has stated that:
 "[a]fter reexamination of the cases in which 45-5-16
has been interpreted, we find no reason to depart from the reasoning expressed therein. We therefore . . . conclude that the proper procedure to gain review of a quasi-judicial action of a town council, except where a right of appeal is specifically provided by statute, is by writ of certiorari to [the Supreme] court."
Eastern Scrap Services. Inc. v. Harty et al. 341 A.2d 718, 719 (RI. 1975). Section 45-5-16 establishes the time limitation within which an appeal that is specifically authorized elsewhere may be exercised. Although the plaintiffs appeal was filed within the requisite forty (40) day period, G.L. 1956 § 24-6-1 does not specifically provide the right of appeal. G.L. 1956 § 24-6-1 states in pertinent part:
 "Order of abandonment — Reversion of title — Notice. — (a) Whenever, by the judgment of the town council of any town, a highway or driftway in the town, or any part of either, has ceased to be useful to the public the town council of the town is authorized so to declare it by an order or decree which shall be final and conclusive; and thereupon the title of the land upon which the highway or driftway or part thereof existed shall revert to the owner. . . .
Since G.L. 1956 § 24-6-1 does not specifically provide the right of appeal, the proper vehicle for the plaintiffs to obtain review of the Cumberland Town Council's decision to abandon the unnamed paper street is by writ of certiorari to the Rhode Island Supreme Court. See Eastern Scrap Services, Inc. v. Harty et al., 341 A.2d 718 (R.I. 1975) (where a statute does not specifically provide the right to appeal, G.L. 45-5-16
requires review of a Town Council's decision be obtained by writ of certiorari to the Rhode Island Supreme Court). Accordingly, this appeal must be and is dismissed for lack of jurisdiction.
Counsel shall prepare an appropriate judgment for entry.
[1] Mr. Miller owns Lot 227 on Plat 34 and Lot 99 on Plat 34, as designated by the Town of Cumberland.
[2] The plaintiffs own Lot 97 on Plat 34, as designated by the Town of Cumberland.
[3] Mr. Petitbon's owns Lot 98 and Lot 251 on Plat 34, as designated by the Town of Cumberland.
[4] Although Mr. Petitbon's property has frontage on Mendon Road and is not landlocked, it is a steep area largely made up of rocks and a ledge.